

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZIZ MORADI RASHID,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-116-RSH-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 8, 2026, Petitioner Aziz Moradi Rashid filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. The merits have been fully briefed, ECF Nos. 4, 5, and the Court heard argument on February 5, 2026, ECF No. 6. As set forth below, the Court denies the Petition.

## I.      BACKGROUND

Petitioner, a citizen of Iran, first came to the United States in 2008. ECF No. 1-2 at 1 ¶ 2. Petitioner was placed in removal proceedings, and was ultimately ordered removed; the order of removal became final on October 5, 2009. ECF No. 4-3 at ¶ 4. However, because the U.S. Department of Homeland Security ("DHS") was unable to effectuate Petitioner's removal to Iran, Petitioner was released from immigration custody on October 15, 2010, pursuant to an order of supervision. *Id.*

On November 30, 2016, Petitioner was encountered by Border Patrol near the Tecate, California, Port of Entry. *Id.* ¶ 5. Petitioner claimed to have departed the United States, but did not produce any evidence to corroborate his departure. *Id.* As such, DHS sought to execute his unexecuted removal order. *Id.* However, DHS was again unable to remove Petitioner to Iran, and Petitioner was again released on an order of supervision, on May 18, 2017. *Id.* ¶ 6.

In August 2024, Petitioner voluntarily left the United States and returned to Iran. ECF No. 1-2 at 1 ¶ 4. However, in April 2025, Petitioner fled Iran. *Id.* ¶ 5.

On May 31, 2025, Border Patrol again encountered Petitioner near the Tecate, California, Port of Entry. ECF No. 4-3 ¶ 7. He was arrested and taken into immigration custody. On October 6, 2025, DHS provided Petitioner with a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, reinstating his previous order of removal. ECF No. 1-2 at 11. Petitioner indicated on that document that he did not wish to contest the decision to reinstate. *Id.* Thereafter, Petitioner claimed a fear of return to Iran, and requested a reasonable fear interview. On October 17, 2025, an asylum officer determined that Petitioner did not have a reasonable fear of persecution in Iran. ECF No. 1-2 at 2 ¶ 11. On October 24, 2025, an immigration judge reviewed and affirmed that negative fear determination, and returned the case to DHS for removal. ECF No. 4-3 ¶ 8.

On December 4, 2025, DHS mailed a travel document request to the Iranian embassy. *Id.* ¶ 10. Respondents offer a declaration from ICE Deportation Officer Jason Cole, stating, "[b]ased on my experience and having reviewed the progress of Petitioner's [travel document] request, there is a high likelihood of removal to Iran in the near future. I am aware of no barrier to the consulate's issuance of a travel document for Petitioner." *Id.* ¶ 11. Officer Cole further states that ICE has been routinely obtaining travel documents for Iranian citizens; that ICE has flights to Iran scheduled every month; and that once a travel document is issued for Petitioner, his removal can be effectuated promptly. *Id.* ¶¶ 12–14. As of the hearing on February 5, 2026, DHS had not yet received a response from the Iranian embassy.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 5–10. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas*, 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

//

3

26-cv-116-RSH-DDL

Here, the Parties agreed at oral argument that the Court should apply the *Zadvydas* standard applicable to individuals who have been held beyond the six-month reasonably presumptive period of detention. Applying that standard, the Court considers the evidence put forward by Petitioner. This includes the relevant timeframes: Petitioner was rearrested approximately eight months ago; his prior order of removal was reinstated approximately four months ago; and DHS requested travel documents from Iran approximately two months ago, to which no response has yet been received. The Court also considers that the Respondents' intended country of removal for Petitioner is Iran; and that twice in the past—in 2010 and again in 2017—Respondents released Petitioner due to difficulties in removing Petitioner to Iran. ECF No. 4-3 at ¶¶ 4, 6. However, also significant is that in August 2024, Petitioner was able to voluntarily travel to, enter, and reside in Iran, which he fled in April 2025. ECF No. 1-2 at 3 ¶ 5. This intervening event not only diminishes the relevance of the failures to remove him in 2010 and 2017; but also, given its recency, suggests that Iran will this time accept him.

The Court acknowledges the habeas cases cited by Petitioner, granting relief to the Iranian petitioners in those cases. *See Ghasedi v. Wamsley*, No. 25-cv-1984-RSM-BAT, 2025 WL 3699705 (W.D. Wash. Dec. 1, 2025), *report and recommendation adopted*, 2025 WL 3697208 (Dec. 19, 2025) (granting petition); *Asfestani v. Current or Acting Field Office*, No. 25-cv-1562-SCR, 2025 WL 3677321 (E.D. Cal. Dec. 18, 2025) (granting petition); *Bunnell v. Noem*, No. 25-cv-2259-GMN-EJY, 2025 WL 3707588 (D. Nev. Dec. 22, 2025) (granting preliminary injunction). The cases are distinguishable. In the first and second cases, there was not evidence that the respondents had even applied for travel documents from Iran since the petitioner's re-arrest; while in the third, the petitioner offered evidence that the Iranian consulate advised him that it could not issue travel documents to him because there were no records indicating he was an Iranian citizen or had ever lived in Iran. *See Ghasedi*, 2025 WL 3699705, at *3; *Asfestani*, 2025 WL 3677321, at *5; *Bunnell*, 2025 WL 3707588, at *3. Perhaps the most significant distinction is that here, Petitioner did recently succeed in entering Iran on his own. This factor does

not preclude Petitioner from ever establishing that there is no significant likelihood of removal. However, in light of this factor and the pending request to Iran for travel documents, the Court concludes that Petitioner has not met his burden at this time.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: February 9, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-116-RSH-DDL